**KATHERINE P., Plaintiff,**

**v.**

**HUMANA HEALTH PLAN OF TEXAS, INC., Defendant.**

**No. 1–14–CV–326 RP.**

United States District Court,
W.D. Texas,
Austin Division.

Signed July 14, 2015.

Amar B. Raval, Plummer and Kuykendall, Houston, TX, Elizabeth K. Green, Lisa S. Kantor, Kantor & Kantor, LLP, Northridge, CA, for Plaintiff.

Carlos R. Soltero, Ellen Burkholder Cochran, Penny Hobbs, Rachel Kelly Padgett, McGinnis Lochridge and Kilgore LLP, Austin, TX, Christopher Lance Halgren, Houston, TX, for Defendant.

### ORDER

ROBERT L. PITMAN, District Judge.

Before the Court are Plaintiffs Motion to Compel Defendant's Responses to Plaintiffs Requests for Production and Interrogatories; Request for Continuance of Discovery Deadline, filed June 5, 2015 (Clerk's Dkt. # 54); her Supplement thereto, filed June 9, 2015 (Clerk's Dkt. # 57); Defendant's Response to Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's Requests for Production and Interrogatories; Request for Continuance of Discovery Deadline, filed June 12, 2015 (Clerk's Dkt. # 58); Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's Requests for Production and Interrogatories; Request for Continuance of Discovery Deadline, filed June 19, 2015 (Clerk's Dkt. # 61); and her Supplement thereto, filed June 24, 2015 (Clerk's Dkt. # 54).

By way of the motion, Plaintiff requests an order compelling Defendant to respond to discovery requests propounded by her. She also asks the Court to extend the discovery deadline to permit the requested discovery, and further related discovery, if necessary.

This is an ERISA case involving a denial of benefits. Plaintiff has propounded discovery requests seeking information regarding the administrative review of her request for benefits, specifically information regarding the third party review company employed by Defendant. Defendants has refused to produce the requested information, contending the discovery requested falls outside the scope of discovery permitted in an ERISA benefits action.

In an ERISA benefits action the evidence properly considered is generally limited to the administrative record. *Crosby v. La. Health Serv. & Indem. Co.,* 647 F.3d 258, 263 (5th Cir.2011). Evidence outside the record may be admissible, and thus discoverable, if it is relevant to questions regarding "the completeness of the administrative record; whether the plan administrator complied with ERISA's procedural regulations; and the existence and extent of a conflict of interest created by the plan administrator's dual role in making benefits determinations and funding the plan." *Crosby,* 647 F.3d at 263. According to Defendant, the requested discovery falls outside the administrative record, is not warranted by any exception to the general rule limiting discovery to that record, and is thus not properly requested in this action.

Plaintiff maintains Defendant's stance is unavailing for two reasons. First, she contends the requests seek to obtain information which is within the administrative record, and thus clearly discoverable. In its response, Defendant states it has agreed to produce the information which falls within the administrative record. (Def. Resp. at 5 n. 3). However, Plaintiff notes in her reply that Defendant has neither done so, nor provided a date for compliance. (Plf. Reply at 1 n. 1). At a minimum, Plaintiff is entitled to discovery of the entire administrative record. Plaintiff's motion is thus granted as to such requests.

Second, Plaintiff maintains the information requested is relevant to her contention that review of her claim violated ERISA regulations as the reviewing examiner did not properly conduct a peer to

peer review of her claim. Defendant argues. Plaintiff has not actually asserted such a claim in this action. However, Plaintiff's complaint contradicts this argument. (Compl. ¶¶ 12, 21) (alleging Defendant violated 29 C.F.R. § 2560.503–1(h) in failing to provide a "full and fair review of a claim and adverse benefit determination" by failing to obtain a peer review of her claim).

■ Defendant also suggests the alleged failure would not actually constitute a procedural violation of ERISA. The Court is not altogether convinced Defendant is correct. *See Cooper v. Life Ins. Co. of N.Am.*, 486 F.3d 157, 169 (6th Cir. 2007) (finding plan administrator acted arbitrarily and capriciously in relying on doctor's report when doctor failed to interview treating physicians despite explicit instructions to do so, and misstated other facts). More to the point, Plaintiff is not required to 'establish' the merits of her claim to obtain discovery relating to the claim. Rather, she is permitted to discover "any nonprivileged matter that is relevant to any party's claim or defense," including requests "reasonably calculated to lead to the discovery of admissible evidence." *Crosby*, 647 F.3d at 262.

Plaintiff has also requested a sixty day extension of the discovery deadline in this case to permit the additional responses from Defendant and potential further related discovery. Defendant's opposition is based solely on its objection to the discovery sought by Plaintiff. As the Court has found that opposition without merit, continuance of the discovery deadline is also appropriate.

Accordingly, the Court hereby GRANTS Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's Requests for Production and Interrogatories; Request for Continuance of Discovery Deadline (Clerk's Dkt. # 54).